**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Keserich,<br><br>                    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>                    Respondents. | No. CV-21-00794-PHX-DWL<br><br>**ORDER** |

On June 11, 2021, Petitioner filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 4.) On June 30, 2022, Magistrate Judge Bibles issued a Report and Recommendation ("R&R") concluding the Petition should be denied. (Doc. 23.) Afterward, Petitioner filed objections to the R&R (Doc. 26) and Respondents filed a response (Doc. 27). For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and terminates this action.

I.   Background

*The Crime*.  On June 6, 2012, FBI agents received information that graphic sexual images of underage boys and an adult male had been traced to an email account belonging to Petitioner. (Doc. 23 at 1.) Investigation revealed that the children depicted in the images were Petitioner's sons and that the adult was Petitioner. (*Id.* at 1-2.) Additionally, one of Petitioner's sons stated during a forensic interview that Petitioner had touched him inappropriately. (*Id.* at 2.)

*Trial Court Proceedings*.  On June 14, 2012, a grand jury returned an indictment

charging Petitioner with ten counts of sexual exploitation of a minor, four counts of sexual conduct with a minor, and one count of molestation. (*Id.*)

In August 2014, Petitioner, who was represented by counsel, pleaded guilty pursuant to a written plea agreement. (*Id.*) Among other things, the plea agreement provided that Petitioner "would be sentenced to no less than the presumptive term of 20 years' imprisonment." (*Id.*) Petitioner avowed during the change-of-plea hearing that he had read the entire plea agreement, discussed it with counsel, understood that he faced a sentence of up to 27 years on one of the counts of conviction, and did not have any questions with respect to sentencing. (*Id.* at 2-3.)

In January 2015, at Petitioner's request, new counsel was appointed to represent Petitioner. (*Id.* at 4.)

On May 29, 2015, the mitigation and sentencing hearing took place. (*Id.* at 4-6.) Petitioner was sentenced to a term of 25 years' imprisonment pursuant to his conviction for sexual conduct with a minor under the age of 15. (*Id.* at 6.)

*Initial PCR Proceeding*. On June 30, 2015, Petitioner initiated a timely state action for post-conviction relief ("PCR"). (*Id.*) After Petitioner's court-appointed counsel informed the court that they could find no meritorious claims to raise, Petitioner filed a *pro se* petition asserting various claims of ineffective assistance of counsel. (*Id.* at 6-7.)

On November 29, 2016, the trial court denied PCR relief. (*Id.* at 7.) Afterward, Petitioner did not seek review in the Arizona Court of Appeals but filed a motion for reconsideration with the trial court. (*Id.* at 8.) On December 20, 2016, the motion for reconsideration was denied. (*Id.*)

*Second PCR Proceeding*. On January 26, 2017, Petitioner filed a second PCR notice. (*Id.* at 8.) It raised claims of ineffective assistance of counsel. (*Id.*)

On January 30, 2017, the Arizona Court of Appeals received a pleading captioned "Motion to Stay," which sought "a stay pending the filing of a second or successive petition in the Maricopa County Superior Court." (*Id.*) The appellate court forwarded this pleading to the trial court and there is no indication whether it was ever granted or denied. (*Id.*)

On May 31, 2017, the trial court found Petitioner's second PCR petition successive and untimely, also found Petitioner's claim of ineffective assistance of post-conviction counsel to be without merit, and dismissed the petition. (*Id.* at 8-9.)

Petitioner sought review in Arizona Court of Appeals. (*Id.* at 9.) In a summary opinion filed January 25, 2018, the appellate court granted review and denied relief, holding the trial court did not abuse its discretion by dismissing the "second successive petition." (*Id.*) Petitioner later sought reconsideration by the court of appeals, which request was denied on March 2, 2018, and filed a petition for review in the Arizona Supreme Court, which was summarily denied on July 5, 2018. (*Id.*)

*This Action*. On April 30, 2021, Petitioner filed a "Federal Rule 60(b) Motion." (*Id.*) The Court construed this pleading as a § 2254 petition and, because the pleading was not on an approved form and Petitioner had not paid the filing fee or applied to proceed in forma pauperis, dismissed the pleading with leave to amend. (*Id.* at 8-9.)

On June 10, 2021, Petitioner filed the Petition. (*Id.*) The Court previously construed it as raising the following four grounds for relief:

> In Ground One, Petitioner alleges that his attorney provided ineffective assistance when he "failed to advise [Petitioner] of the merits of [the] plea." In Ground Two, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when "the trial court failed to entertain his request to reject his previously signed plea before sentencing, and his request during sentencing to reject the offer." In Ground Three, Petitioner alleges that his "[post-conviction review] counsel caused trial counsel's errors and omissions to rejected [sic] from review in the state courts on his initial P.C.R. Rule 32 proceedings." In Ground Four, Petitioner alleges that his sentencing attorney provided ineffective assistance when, "during sentencing, [counsel] failed to file a motion to reject a plea that was the result of [Petitioner's] previous counsel's errors and omissions."

(Doc. 8 at 2.)

*The R&R*. The R&R concludes the Petition should be denied because it is barred by AEDPA's one-year statute of limitations. (Doc. 23 at 11-18.) The R&R begins by stating that the one-year limitations period began running on December 30, 2016, which is when Petitioner's initial PCR proceeding became final, and that the deadline for filing a

habeas petition was therefore December 30, 2017. (*Id.* at 11-12.) The R&R states that because Plaintiff's initial pleading in this matter (the Rule 60(b) motion) was not filed until May 2021, it was filed well outside the limitations period. (*Id.*)

Next, the R&R states that Petitioner is not entitled to any period of statutory tolling based on his second PCR proceeding because it was successive and thus not "properly filed." (*Id.* at 13-14.) Alternatively, the R&R notes that even if Petitioner were entitled to statutory tolling based on the second PCR proceeding, there would still be a timeliness issue because the Supreme Court denied review in October 2018, which is more than more year before Petitioner filed his initial pleading here in May 2021. (*Id.* at 12 n.5.)

Next, the R&R states that Petitioner is not entitled to any period of equitable tolling. (*Id.* at 14-18.) More specifically, the R&R construes Petitioner's filings as raising three reasons why equitable tolling may be available: (1) confusion about when the statute of limitations began to run; (2) illnesses and placement on the prison's surgery outpatient list; and (3) the failure of Petitioner's retained habeas counsel to file a petition on his behalf. (*Id.*) The R&R concludes that the first reason does not qualify because confusion about legal requirements "is not an extraordinary circumstance warranting equitable tolling"; that the second reason does not qualify because the alleged illnesses and surgeries did not begin until August 2019, which was long after the one-year limitations period had already expired; and that the third reason similarly does not qualify because Petitioner, by his own account, did not retain counsel until October or November 2019, which was after the limitations period had expired. (*Id.*)

Finally, the R&R states that Petitioner cannot invoke the "actual innocence" gateway because Petitioner "does not present 'new evidence' establishing his actual, factual innocence and, notably, Petitioner pled guilty to numerous crimes. Petitioner, in asserting he was denied the effective assistance of counsel, presents a claim of legal rather than factual guilt." (*Id.* at 15 n.6.)

…

…

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

…

…

…

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 457 (2021) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

III. <u>Analysis</u>

Petitioner raises four objections to the R&R. First, Petitioner reiterates his contention that he is entitled to equitable tolling based on the conduct of his retained habeas counsel, who "caused the delay." (Doc. 26 at 1-2.) This objection lacks merit—Petitioner makes no effort to address the R&R's determination that any ineffectiveness was harmless in light of the fact that counsel wasn't retained until long after the one-year limitations period had already expired. As Respondents correctly put it: "[Petitioner] provides multiple dates for when his family retained counsel, but the earliest date provided was 'November of 2019,' well after the expiration of the statute of limitations. Thus, any incompetence by [Petitioner's] retained counsel had no causal connection to his failure to timely file his habeas petition." (Doc. 27 at 5.)

Second, Petitioner argues that his "claims of ineffective assistance of counsel [were] raised in the Arizona Superior Court, and in his appeal in the Arizona Court of Appeals." (Doc. 26 at 2.) This seems to be an objection related to exhaustion, but the R&R did not conduct an exhaustion analysis due to its determination that the Petition is time-barred. Accordingly, this objection is unavailing.

Third, Petitioner states that he "filed a properly filed successive Rule 32 in the Arizona Superior Court," which "stops the tolling time." (*Id.*) To the extent this passage is intended as an objection to the R&R's statutory tolling analysis, it lacks merit. As Respondents correctly note: "The R&R's conclusion that [Petitioner's] successive petition was untimely, and therefore did not toll the statute of limitations, is supported by the record. The post-conviction court found that [Petitioner's] successive petition was untimely filed. Although the court also addressed the merits of his claims, it denied his petition because Petitioner did not overcome the timeliness bar. . . . Other than arguing that his successive petition was properly filed, Petitioner fails to explain how the R&R miscalculated the 'tolling times' or 'misrepresented the facts concerning [his] appeal.' Accordingly, [Petitioner's] objection lacks merit and otherwise fails to allege specific errors in the R&R." (Doc. 27 at 6.)

Fourth, Petitioner states that this Court should issue a certificate of appealability even if it adopts the R&R. (Doc. 26 at 2-3.) However, Petitioner provides no reasoning in support of this request. Additionally, as discussed above, Petitioner has not identified any reason why the R&R's procedural ruling could be viewed as debatable.

Accordingly, **IT IS ORDERED** that:

1. Petitioner's objections to the R&R (Doc. 26) are **overruled**.

2. The R&R (Doc. 23) is **accepted**.

3. The Petition (Doc. 4) is **denied**.

4. A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 31st day of August, 2022.

Dominic W. Lanza
United States District Judge